Nicholas C. Rowley, Esq. (SBN 220036)
John Alan Kawai (SBN 260120)
**CARPENTER, ZUCKERMAN & ROWLEY, LLP**
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel:  (805) 272-4001
Fax:  (805) 719-6858
Email: team3@czrlaw.com

Attorneys for Plaintiff, BRANDON LEMUS, a minor
by and through his GAL, ROSA DIAZ

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BRANDON LEMUS, a minor child, individually and as successor in interest to decedent RICARDO LEMUS SANCHEZ, by and through his GAL, ROSA DIAZ<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, a public entity, CITY OF OXNARD, a municipal entity; NATIONAL PASSENGER RAILROAD CORPORATION; and DOES 1 to 50 inclusive,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. **NEGLIGNECE**<br>2. **NEGLIGENT HIRING, RETENTION AND SUPERVISION**<br>3. **PREMISES LIABILITY FOR A DANGEROUS CONDITION**<br><br>*Complaint Filed:*<br>*Trial Date:*<br>*Dept:* |

## PARTIES

1. The PLAINTIFF herein is BRANDON LEMUS, a minor child, individually and as successor in interest to decedent RICARDO LEMUS SANCHEZ, by and through his GAL, ROSA DIAZ, both citizens and residents of the State of California residing therein in Oxnard, California, County of Ventura.

2. Pursuant to the operation of Code of Civil Procedure section 377.60, the plaintiff

is the heir, successor in interest and person lawfully entitled to assert a cause of action for the wrongful death of decedent. No other person has any claim, right or interest in the cause of action for wrongful death of decedent that is superior to the claims by the plaintiff.

3. NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK") is a federally chartered corporation created by Congress on May 1, 1971, It is headquartered in Washington, D.C. At all times, Defendant, AMTRAK was and now is a public entity duly organized and existing under and by virtue of the laws of the State of California, and is authorized to do, and is doing, business in the State of California. Said Defendant was at all times mentioned herein, and now is, engaged in the business of a common carrier by railroad in the State of California. AMTRAK owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, oversaw, patrolled and supervised their railroad trains, equipment, and employees involved in this litigation.

4. At all times mentioned herein, Defendant, City of Oxnard ("City"), was and now is a public entity duly organized and existing under and by virtue of the laws of the State of California. Plaintiffs are informed and believe that Defendant CITY owned, controlled, operated, managed, constructed, maintained, controlled and supervised the location where the incident that is the subject matter of this complaint took place; and/or hired, retained and supervised certain individuals who were involved and or whose negligence caused the incident that is the subject matter of this incident.

5. At all times mentioned herein, Defendant, State of California ("STATE"), was and now is a sovereign State of the United States of America, duly organized and existing under and by virtue of the laws of the State of California and the United States of America. Plaintiffs are informed and believe that Defendant STATE owned, controlled, operated, managed, constructed, maintained, controlled and supervised the location where the incident that is the subject matter of this complaint took place; and/or hired, retained and supervised certain individuals who were involved and or whose negligence caused the incident that is the subject matter of this incident.

6. The true names and or capacities, whether individual corporate, associate or otherwise, of Defendants, Does 1 through 100, inclusive, are unknown to Plaintiffs at this time,

who, therefore, sue said Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants fictitiously named herein as a Doe is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and that the acts and omissions of said Defendants was the legal cause of the death of decedent and the resulting injury and damages to Plaintiffs as hereinafter alleged. Plaintiffs will amend this complaint to assert the true names and or capacities of such fictitiously named defendants when the same have been ascertained.

7. Plaintiffs are informed and believe, and based thereon allege, that, at all times mentioned herein, Defendants, including the Doe Defendants were the agents, servants, employees, successors-in-interest and or joint venturers of their co defendants and were, as such, acting within the purpose, scope, course and authority of said agency, employment, successor-in-interest and or joint venture and that each and every Defendant as aforesaid was acting as a principal and was negligent in the selection and hiring and retention of each and every defendant as an agent, employee, successor-in-interest and or joint venturer.

**JURISDICTION AND VENUE**

8. This Court has original jurisdiction because actions involving Amtrak arise under federal law, 49 U.S.C. § 24301, *et seq*. The Court therefore has federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1349. This Court has supplemental jurisdiction over state law claims asserted herein pursuant to 28 U.S.C. §§ 1367.

9. Venue is proper in this District as the injury to the Plaintiff occurred in the district: specifically, in Oxnard, County of Ventura, State of California.

**GENERAL ALLEGATIONS**

10. On or about 10-30-2019, at approximately 9:20 PM, decedent Ricardo Lemus was struck by a train operated and controlled by Amtrak. The subject area where this incident occurred was at or near the railroad tracks running at or near Oxnard Blvd., between Colonial Rd. and Robert Ave., in the City of Oxnard, California, referred to, at times as the "LOCATION."

11. Plaintiffs are informed and believe, and therefore allege, that at all times mentioned herein, the train, locomotive, railroad operations tracks and adjoining railroad tracks were owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, overseen, patrolled and or supervised by Defendants, including the Doe Defendants.

12. On or about 10-30-2019, and prior to, Defendants and each of them, were responsible for maintaining and ensuring the safe use and proper condition of said railroad operations and property, including railroad tracks, locomotives, trains, signs, signals, switches, safety devices, communication devices and other equipment at and along said property, and for properly and safely managing, overseeing and coordinating the travel of railroad trains upon and along said property.

13. On 10-30-2019, the decedent was killed when struck by the TRAIN. The TRAIN engineer and operator failed to brake and do everything possible to stop the train when he saw Decedent sitting on the western most track; Instead of immediately braking, the Defendant sounded the horn and bell, assuming Decedent was capable of moving, and would do so. The train engineer was not traveling at standard speed yet, as the train had just departed from a scheduled stop. The train engineer could have implemented the braking systems immediately upon seeing the decedent on the track, but failed to do so.

14. Positive train controls are reasonably available and can automatically apply a train's brakes, and other safety devices, to prevent collisions, such as the one that took the life of the decedent. Defendants failed to implement positive train controls and available technologies that would have prevented this disaster.

## COMPLIANCE WITH THE CLAIMS ACT

15. Prior to the filing of this complaint, Plaintiffs, and each of them, on or about April 29th, 2019 timely submitted a claim for damages to the Government Claims Program. The claim was rejected on June 12th, 2020.

16. Prior to filing of this complaint, Plaintiffs, and each of them, on or about April 30th, 2020, timely submitted a claim for damages to CITY. The claim was rejected on June 9th, 2020.

Carpenter, Zuckerman & Rowley LLP

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

# FIRST CAUSE OF ACTION

## (NEGLIGENCE)

17. Plaintiffs incorporate herein by reference all allegations of paragraphs 1 through 15 above as if fully stated herein.

18. At all times mentioned, Defendants and Does 1 through 50, were common carriers, as defined in California Civil code, sections 2100, as said Defendants hold themselves out to the public generally and indifferently to use railroad tracks for profit.

19. At all times mentioned herein, as common carrier, said Defendants owed the highest degree of human care, vigilance and foresight to the public at large, including individuals other than passengers, including the Decedent.

20. At all times mentioned herein, as common carrier, said Defendants had the obligation to use reasonable skill to provide everything necessary for safety of all individuals coming close to or in proximity of a moving train, including the Decedent.

21. On or about October 30th, 2019, and prior to, said Defendants, negligently, carelessly and wrongfully owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, oversaw, patrolled and supervised their railroad trains, equipment and employees, and negligently, carelessly and wrongfully failed to take reasonable precautions to prevent injury to the public at large, and to the decedent in particular, and to guard them from injury and death.

22. Said defendants breached the duty of care owed to the public at large, including Plaintiffs' Decedent, by failing to properly operate their train when the Engineer did not immediately implement braking procedures as soon as he saw Decedent sitting on tracks, thereby causing the subject collision and the death of the Decedent.

23. As an actual, legal, and proximate result of Defendants' wrongful conduct in the incident described above, Plaintiffs' Decedent suffered fatal injuries and died as a result of those injuries on October 31st, 2019.

24. As a result of the negligence of said Defendants, and each of them, Plaintiffs, and each of them, have suffered a loss of love, companionship, comfort, affection, society, solace and moral support, all to their respective non economic damages in a sum within the unlimited jurisdiction of this Court and will be established at trail according to proof.

25. As a further result of the negligence of said Defendants, and each of them, Plaintiffs, and each of them, have incurred funeral and burial expenses in an amount not yet fully ascertained but according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### (Negligent Hiring, Rentention, and Supervision)

26. Plaintiffs incorporate herein by reference all allegations of paragraphs 1 through 24 above, as if fully stated herein.

27. At the time of the collision, Engineer, Doe 1, was an employee of Defendant, and or CITY, or STATE, and Does 2 through 50, engaged in his job duties and in the course and scope of employment with Defendants and Does 2 through 50.

28. Defendants, and each of them, negligently hired, trained and supervised employees of AMTRAK and its subcontractors, including Engineer Doe 1.

29. As a common carrier, Defendants and Does 2 through 50 owed the highest degree of human care, vigilance and foresight to the public at large, including the Plaintiffs' Decedent, to provide adequately trained and supervised personnel to perform the job duties required of a common carrier.

30. Said Defendants breached their duty to the public at large, including Plaintiffs' Decedent, by failing to adequately train and supervise their personnel, including Doe 1.

31. As an actual, legal, and proximate result of Defendants' wrongful conduct in the incident described above, Plaintiffs' Decedent suffered fatal injuries and died as a result of those injuries on October 31st, 2019.

32. The failure by said Defendants to adequately train and supervise their personnel, including Doe 1, caused the collision that caused the fatal injuries and death of Plaintiffs' Decedent on October 31st, 2019, and was therefore a substantial factor in causing Decedent's death.

33. As a result of the negligence of said Defendants, and each of them, Plaintiffs, and each of them, have suffered a loss of love, companionship, comfort, affection, society, solace and moral support, all to their respective non economic damages in a sum within the unlimited jurisdiction of this Court and will be established at trail according to proof.

34. As a further result of the negligence of said Defendants, and each of them, Plaintiffs, and each of them, have incurred funeral and burial expenses in an amount not yet fully ascertained but according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### (Premises Liability – Dangerous Condition)

35. Plaintiffs incorporate herein by reference all allegations of paragraphs 1 through 24 above, as if fully stated herein.

36. Plaintiffs are informed and believe, and based thereon allege, that said Defendants negligently owned, maintained, managed, operated repaired, and failed to keep in a safe condition the described LOCATION, which thereby created a dangerous condition of public property.

37. This dangerous condition of public property created a reasonably foreseeable risk of the kind of harm suffered by Decedent.

38. Defendants had notice of the dangerous condition of public property for a long enough time to have protected against it.

39. On October 30th, 2019, and prior thereto, said Defendants, and each of them, willfully or maliciously failed to guard or warn against a dangerous condition use or activity.

40. Defendants, CITY and or STATE, were defendants who owned or controlled the public property on which a dangerous condition existed.

41. Defendants breached their high duty as a common carrier to the public and Decedent by failing to keep the LOCATION in a safe condition.

42. The acts of Defendants, CITY, STATE, AMTRAK, and Does 1-50, as described above, were the legal proximate cause of damages to Plaintiffs, and each of them.

43. The dangerous condition of the public property was a substantial factor in causing Decedent's death.

44. As a result of the negligence of said Defendants, and each of them, Plaintiffs, and each of them, have suffered a loss of love, companionship, comfort, affection, society, solace and moral support, all to their respective non economic damages in a sum within the unlimited jurisdiction of this Court and will be established at trail according to proof.

Carpenter, Zuckerman & Rowley LLP

45.  As a further result of the negligence of said Defendants, and each of them, Plaintiffs, and each of them, have incurred funeral and burial expenses in an amount not yet fully ascertained but according to proof at the time of trial.

## PRAYER FOR DAMAGES

46.  Wherefore, Plaintiff respectfully prays for judgment against Defendants on all causes of action, and each of them as follows:

1. General Damages, in an amount to be proved at the time of trial;
2. Special Damages, in an amount to be proved at the time of trial;
3. Pre-Judgment interest as allowed by law;
4. For costs of suit incurred herein; and
5. Such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

DATED: December 8, 2020           **CARPENTER, ZUCKERMAN & ROWLEY, LLP**

By: _____
JOHN KAWAI, ESQ.
NICHOLAS C. ROWLEY, ESQ.
Attorneys for Plaintiff,
BRANDON LEMUS, a minor by and through his GAL