1  Michael M. Murphy, Esq. (Bar #174408)
   Brock Christensen, Esq. (Bar #216237)
2  SIMS LAW FIRM, LLP
   19712 MacArthur Boulevard, Suite 120
3  Irvine, California 92612
   (949) 253-7900
4  (949) 253-7930 - FAX

5  Attorneys for Defendant NATIONAL RAILROAD PASSENGER CORPORATION
   service mark AMTRAK, erroneously sued and served as NATIONAL PASSENGER
6  RAILROAD CORPORATION

7

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11 | B.L.,                                    ) Case No.: 2:20-cv-11135-JVS-PVCx
12 |        Plaintiff,                        )
13 | vs.                                      ) **JOINT REPORT**
14 | STATE OF CALIFORNIA, a public            )
   | entity, CITY OF OXNARD, a municipal      )
15 | entity; NATIONAL PASSENGER               )
   | RAILROAD CORPORATION; and                )
16 | DOES 1 to 50, inclusive,                 )
                                              ) Complaint Filed: December 8, 2020
17 |        Defendant.                        ) Trial Date:
                                              )
18                                            )

19

20      Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Order

21 Setting Rule 26(f) Scheduling Conference, Plaintiff B.L. and Defendant NATIONAL

22 RAILROAD PASSENGER CORPORATION service mark AMTRAK submit this

23 Joint Report.

24 **1.    SYNOPSIS**

25      This case arises from a person versus train accident that occurred on or about

26 October 19, 2019, at approximately 9:20 pm., on the railroad track that parallels the

27 800 block of Oxnard Boulevard in Oxnard, California. Plaintiff B.L. alleges to be the

28 sole heir of decedent Ricardo Sanchez Lemus.

Plaintiff claims that on 10/30/2019, the decedent was killed when struck by an AMTRAK train. Upon first seeing decedent siting on the tracks, the AMTRAK locomotive engineer assumed decedent was capable of moving, and would do so. Because of this assumption, the locomotive engineer did not immediately engage the braking system – or any of the other positive train controls and technologies-, rather he chose to sound the train horn and bell – based on an additional assumption that the decedent would hear the bell - in the expectation that decedent would move. The train had just left a scheduled stop, and was still attaining standard speed. Since the train was not yet at standard speed, had the locomotive engineer immediately engaged the braking system and positive controls, the outcome would have been that the train would not have hit decedent.

Amtrak claims that the sole cause of the accident was the decedent's highly intoxicated and reckless decision to sit on the railroad track at nighttime while five times over the legal limit that would make a person legally impaired if driving an automobile, and failure to move out of the way of a clearly visible and clearly audible approaching train in violation of Penal Code section 369i. The accident happened at night in total darkness. The lead locomotive on the train had a 200,000 candela headlight shining as it approached. The locomotive horn was sounded for at least two grade crossings within earshot of the decedent as it approached. The decedent should have heard and seen the approaching train long before the locomotive engineer could see and react to the decedent's surprise presence on the track in the darkness. There is nothing Amtrak's locomotive engineer could have done to avoid the accident. There is nothing anyone, except decedent, could have done to avoid the accident.

**2. LEGAL ISSUES**

Plaintiff contends that the AMTRAK locomotive engineer was negligent, AMTRAK inadequately hired, retained, and supervised the locomotive engineer, and

that AMTRAK maintained tracks which were under its control, in a dangerous condition.

The AMTRAK locomotive engineer was negligent when he failed to take reasonable precautions to prevent injury to decedent. The AMTRAK locomotive engineer failed to properly operate the train when the engineer did not immediately implement braking procedures – or any other positive train controls or technologies - as soon as he saw decedent sitting on the tracks. Because of these actions, decedent suffered damage actually and proximately caused by the locomotive engineer's negligence.

AMTRAK inadequately hired, retained, and supervised the locomotive engineer. AMTRAK, and the locomotive engineer owed the highest degree of human care, vigilance and foresight to the public at large, including decedent, to provide adequately trained and supervised personnel to perform the job duties required of a common carrier. AMTRAK breached this duty to decedent by failing to adequately train and supervise their personnel. Because of this breach, decedent suffered damage actually and proximately caused by the locomotive engineer's negligence.

AMTRAK owned, maintained, managed or controlled the train tracks at the location where decedent was hit. AMTRAK failed to keep this area in a safe condition, which thereby created a dangerous condition of public property. This dangerous condition created a reasonably foreseeable risk of the kind decedent suffered. AMTRAK was aware of the dangerous condition, and was therefore on notice for a long enough time to have protected decedent against it. AMTRAK breached its high duty to the public and decedent as a common carrier by failing to keep the location in a safe condition. The dangerous condition was a substantial factor in causing decedent's death.

Amtrak contends that its engineer was not negligent, that decedent's intoxication and recklessness was the sole cause of the accident, that decedent was negligent per se pursuant to California Penal Code section 369i, that decedent knew

sitting on the railroad track posed a danger of being struck by a train and therefore consciously assumed the risk, and that Amtrak cannot be held liable in the premises liability claim because it did not own the railroad. Federal law and regulations govern most aspects of train operation and all aspects of locomotive engineer training, hiring, and supervision, such that Plaintiff's claims about train operations are preempted by federal law. Plaintiff's common carrier duty allegations are inapplicable to trespassers who are not passengers.

The locomotive engineer was not negligent. The engineer sounded the horn immediately upon seeing something in the darkness ahead. He set the train's brakes as the decedent stood up to move out of the way. However, the decedent inexplicably did not continue to move out of the way, probably because his BAC was <u>over 0.40%, which is akin to comatose.</u> The engineer had a reasonable right to expect the decedent to hear the locomotive horn blasts and move out of the way, and reasonably expected the decedent to keep moving out of the way in plenty of time to avoid an incident after the decedent started moving, but then the decedent stopped moving. Applicable jury instructions provide as follows: "Every person has a right to expect that every other person will use reasonable care and will not violate the law, unless he or she knows, or should know, that the other person will not use reasonable care or will violate the law." (CACI 411.)  The decedent could have moved out of the way in a second or two.

Decedent's intoxication caused the incident. Decedent's BAC was .42% -- more five times greater than the legal limit to operate a motor vehicle. According to Alcohol.org, an individual may be unconscious and potential for death increases at .30%. An individual with a BAC at .40% may put an individual in a coma or cause sudden death from a sudden stop to one's heart or breathing. The locomotive video of the incident confirms that decedent heard the train's horn and attempted to move off the track but was too intoxicated to do so.

The decedent was negligent per se. *California Penal Code* section 369i provides that it is a misdemeanor to enter railroad property and interfere with safe and efficient operations. Even this criminal code statute recognizes the danger caused by being closer to the track than 20 feet.

There should be no duty to warn adults of obvious dangers. *Christoff v. Union Pacific Railroad Company* (2005) 134 Cal.App.4th 118 involved a similar situation. "A railroad track upon which trains are constantly run is itself a warning to any person who has reached years of discretion, and who is possessed of ordinary intelligence, that it is not safe to walk upon it, or near enough to it to be struck by a passing train . . . ." "Any reasonable person would know that standing within a few feet of a high speed freight train is dangerous." (*Christoff, supra*, 134 Cal.App.4th 118 at 126-127, internal citations omitted.)

The decedent assumed the risk. Decedent knew sitting on the railroad track posed a danger of being struck by a train and therefore consciously assumed that risk and created the only risk of being hit by a train. (*Beard v. Atchison, Topeka & Santa Fe Railway Company* (1970) 4 Cal.App. 3d 130.)

The subject matter of Plaintiff's claims, allegations, and causes of action are covered by, and therefore precluded and preempted by, state and federal law and regulations including but not limited to the Commerce Clause of the United States Constitution, the Amtrak Act, the Federal Railroad Safety Act, the California Government Code, the Locomotive Inspection Act, Passenger Equipment Safety Standards, and the railroad related federal regulations found in Title 49 of the Code of Federal Regulations or California Public Utilities Code and Commission general orders governing track safety standards, train speed, horn use and volume, warning devices, locomotive engineer and conductor training and certification, efficiency and operations testing, passenger equipment safety standards, devices, and inspections, locomotive safety devices and inspections, brake system regulations, railroad grade crossings, crossing warning devices, and Defendant's alleged duties with respect to

same. Defendant's conduct was permitted, authorized, and mandated by federal and state law, regulations, and standards, such that Plaintiffs are barred, precluded, and preempted from any recovery.

**3.   DAMAGES**

Plaintiff seeks General Damages in an amount to be proved at trial, Special Damages in an amount to be proved at trial, Pre-Judgment interest, cost of suit incurred herein, and other relief as the Court may deem appropriate. Total in damages is estimated to be from $1,000,000 – 25,000,000

Amtrak disputes Plaintiff's claims.

**4.   INSURANCE**

Plaintiff is not aware of any insurance policies that are applicable to this matter.

Amtrak is unaware of any policy of insurance that would appear to provide coverage for the alleged damages, claims, or actions asserted by Plaintiff at this time.

**5.   MOTIONS**

Plaintiff intends to DOE in Union Pacific as a defendant in this matter.

Amtrak does not plan on adding other parties or claims, filing amended pleadings, or transferring venue at this time.

**6.   DISCOVERY AND EXPERTS**

Plaintiff and Amtrak stipulate that the parties shall not be limited to 25 written interrogatories. Plaintiff and Amtrak stipulate that the parties shall be entitled to serve a reasonable number of interrogatories. Plaintiff and Amtrak further stipulate that the parties meet and confer if one deems it necessary to take more than 10 depositions. Plaintiff and Amtrak do not presently seek any other changes to discovery proceedings.

**7.   DISPOSITIVE MOTIONS**

Plaintiff does not presently intend on filing any dispositive motion.

Amtrak plans on filing a motion for summary judgment on the arguments set forth in Paragraph 2 above.

**8. SETTLEMENT AND SETTLEMENT MECHANISM**

No settlement negotiations have occurred. Plaintiff and Amtrak both are amenable to a settlement conference with a magistrate judge and mediation.

**9. TRIAL ESTIMATE**

5-7 day jury trial. Plaintiff intends to call five to ten witnesses. Amtrak intends to call approximately ten to fifteen witnesses.

**10. TIMETABLE**

See attached Exhibit A.

**11. OTHER ISSUES**

Some witnesses may be non-English speaking.

**12. CONFLICTS**

Plaintiff

NATIONAL RAILROAD PASSENGER CORPORATION service mark Amtrak.

**13. PATENT CASES**

Not applicable.

**14. MAGISTRATES**

DATED: May 3rd, 2021         CARPENTER, ZUCKERMAN & ROWLEY LLP

By /s/ John A. Kawai
John A. Kawai
Patrick Logan
Attorneys for Plaintiff B.L.

| | | |
|---|---|---|
| 1 | DATED: May 3rd, 2021 | SIMS LAW FIRM, LLP |
| 2 | | /s/ Michael E. Murphy |
| 3 | | By _____ |
| | | Michael Murphy |
| 4 | | Attorneys for Defendant NATIONAL RAILROAD PASSENGER CORPORATION service mark |
| 5 | | AMTRAK, erroneously named in the caption as NATIONAL PASSENGER RAILROAD |
| 6 | | CORPORATION |